UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PHUNG THI TRAN,                )        NO. SACV 08-1336 CT
                              )
            Plaintiff,         )        OPINION AND ORDER
                              )
      v.                       )
                              )
MICHAEL J. ASTRUE,            )
Commissioner of Social        )
Security,                      )
                              )
            Defendant.         )
_____)

   For the reasons set forth below, it is ordered that this matter be
**REMANDED** pursuant to sentence four of 42 U.S.C. § 405 (g) (2006) to
defendant Commissioner of Social Security ("the Commissioner") for
further administrative action consistent with this opinion and order.

## SUMMARY OF PROCEEDINGS

   On November 26, 2008, Phung Thi Tran ("plaintiff"), filed a
complaint seeking judicial review of the denial of benefits by the
Commissioner pursuant to the Social Security Act ("the Act"). The
parties consented to proceed before the magistrate judge. On March 9,
2009, plaintiff filed a brief in support of her complaint, seeking
either an award of benefits or a remand for further administrative
proceedings. On April 7, 2009, in response to a court order that the

1  parties meet and confer regarding the propriety of remand for further
2  administrative proceedings, the Commissioner filed a memorandum in
3  support of remand for further administrative proceedings. On April 14,
4  2009, plaintiff filed a reply brief urging that the court remand for an
5  award of benefits or, in the "remote alternative," for further
6  administrative proceedings.

### SUMMARY OF ADMINISTRATIVE RECORD

#### 1.   Proceedings

On December 30, 2005, plaintiff, who was then 54-years old, filed
applications for disability insurance benefits and supplemental security
income, alleging disability since September 29, 2005, due to headaches,
lower back pain, diabetes, high blood pressure, depression, and an
inability to move her hands normally due to arthritis. (TR 76-78, 79-
81, 88.)[1]  The applications were denied initially and upon
reconsideration. (TR 44-48, 50-54.)

On March 9, 2007, plaintiff filed a request for a hearing before an
administrative law judge ("ALJ"). (TR 57.)  On January 8, 2008,
plaintiff, represented by an attorney, appeared and testified before an
ALJ. (TR 25-33.)  The ALJ also considered vocational expert ("VE")
testimony. (TR 32-38.)  On March 28, 2008, the ALJ issued a decision
that plaintiff was not disabled within the meaning of the Act because
she retained the residual functional capacity ("RFC") to perform medium
work, limited only by an inability to utilize her left second finger,
and that she thus was able to do her "past relevant work" as a janitor.

---

[1] "TR" refers to the transcript of the record of
administrative proceedings in this case and will be followed by
the relevant page number(s) of the transcript.

1  (TR 11-14.)  Thus, plaintiff was not eligible for benefits.(        Id.)

2  Plaintiff filed a request with the Social Security Appeals Council to

3  review the ALJ's decision.  (TR 4.)  On September 30, 2008 the request

4  was denied.  (TR 1-3.)  Accordingly, the ALJ's decision stands as the

5  final decision of the Commissioner.  Plaintiff subsequently sought

6  judicial review in this court.

7       2.  Summary Of The Evidence

8       The ALJ's decision is attached as an exhibit to this opinion and

9  order and materially summarizes the evidence in the case.

10                      **PLAINTIFF'S CONTENTION**

11       Plaintiff contends that the ALJ's conclusion that she has and can

12  perform past relevant work as a janitor is not supported by substantial

13  evidence because the ALJ found that the job did not rise to the level of

14  "substantial gainful activity."

15                       **STANDARD OF REVIEW**

16       Under 42 U.S.C. § 405(g), this court reviews the Commissioner's

17  decision to determine if: (1) the Commissioner's findings are supported

18  by substantial evidence; and, (2) the Commissioner used proper legal

19  standards.  Macri v. Chater, 93 F.3d 540, 543 (9th Cir. 1996).

20  Substantial evidence means "more than a mere scintilla," but less than

21  a preponderance.  Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir.

22  1997).

23       When the evidence can reasonably support either affirming or

24  reversing the Commissioner's conclusion, the court may not substitute

25  its judgment for that of the Commissioner.  Flaten v. Sec'y of Health

26  and Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995).  The court has the

27  authority to affirm, modify, or reverse the Commissioner's decision

28                                   3

1  "with or without remanding the cause for rehearing."   42 U.S.C. §
2  405(g).  Remand is appropriate where additional proceedings would remedy
3  defects in the Commissioner's decision.  <u>McAllister v. Sullivan</u>, 888
4  F.2d 599, 603 (9th Cir. 1989).

**DISCUSSION**

6  1.   <u>The Sequential Evaluation</u>

7      A person is "disabled" for the purpose of receiving social security
8  benefits if he or she is unable to "engage in any substantial gainful
9  activity by reason of any medically determinable physical or mental
10 impairment which can be expected to result in death or which has lasted
11 or can be expected to last for a continuous period of not less than 12
12 months."  42 U.S.C. § 423(d)(1)(A).

13     The Commissioner has established a five-step sequential evaluation
14 for determining whether a person is disabled.

15     First, it is determined whether the person is engaged in
16 "substantial gainful activity."  If so, benefits are denied.

17     Second, if the person is not so engaged, it is determined whether
18 the person has a medically severe impairment or combination of
19 impairments.  If the person does not have a severe impairment or
20 combination of impairments, benefits are denied.

21     Third, if the person has a severe impairment, it is determined
22 whether the impairment meets or equals one of a number of "listed
23 impairments."  If the impairment meets or equals a "listed impairment,"
24 the person is conclusively presumed to be disabled.

25     Fourth, if the impairment does not meet or equal a "listed
26 impairment," it is determined whether the impairment prevents the person
27 from performing past relevant work.  If the person can perform past

28

4

1   relevant work, benefits are denied.

2        Fifth, if the person cannot perform past relevant work, the burden

3   shifts to the Commissioner to show that the person is able to perform

4   other kinds of work.   The person is entitled to benefits only if the

5   person is unable to perform other work.   20 C.F.R. §§ 404.1520, 416.920;

6   Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

7        2.   Plaintiff's Past Relevant Work

8        The Commissioner has agreed that the ALJ here made a "critical"

9   error by making inconsistent findings at the step one and four analyses

10  of the decision, as follows:

11  •   At step one, in finding no. 2, the ALJ concludes plaintiff's two-

12      hour-per-day job as janitor in a beauty shop did not amount to

13      "substantial gainful activity" (TR 10);

14  •   At step four, in finding no. 6, however, the ALJ finds plaintiff's

15      work as a janitor is "past relevant work" and that she can still

16      perform that work.   (TR 13.)

17       Because "past relevant work" must involve "substantial gainful

18  activity," a step-one conclusion that a job does not amount to

19  "substantial gainful activity" precludes its use as "past relevant work"

20  at step four.   See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219,

21  1221, fn. 1 (9th Cir. 2009) (ALJ's finding that brief stint as grocery

22  clerk did not amount to "substantial gainful activity" means that "time

23  as a grocery clerk cannot be considered past relevant work") (citing 20

24  C.F.R. § 404.1560(b)(1)).

25       Accordingly, the inconsistency is material and remand is warranted

26  so that the Commissioner can resolve this inconsistency and, if

27  necessary, further develop the record to determine whether plaintiff has

28                                      5

1    any past relevant work and, if not, to continue with Step Five of the
2    sequential evaluation and determine whether a person with her
3    limitations could perform alternative work.

4                    **REMAND IS APPROPRIATE IN THIS CASE**

5        The decision whether to remand a case for additional evidence is
6    within the discretion of the court.  Sprague v. Bowen, 812 F.2d 1226,
7    1232 (9th Cir. 1987).  Remand is appropriate if the record is incomplete
8    and additional proceedings would remedy defects in the Commissioner's
9    decision.  McAllister v. Sullivan, 888 F.2d at 603.

10       Having considered the record as a whole, it appears that the
11   present record is insufficiently developed and remand is appropriate so
12   that the Commissioner may further develop the record as set forth above.

13                              **CONCLUSION**

14       Accordingly, it is ordered that the matter be **REMANDED** pursuant to
15   sentence four of 42 U.S.C. § 405(g) to the Commissioner for further
16   administrative action consistent with this opinion.

17       This opinion constitutes the court's findings of fact and
18   conclusions of law.

19   DATED: 4/16/09

20                    CAROLYN TURCHIN
21                    UNITED STATES MAGISTRATE JUDGE
22
23
24
25
26
27
28                                    6

**SOCIAL SECURITY ADMINISTRATION**
**Office of Disability Adjudication and Review**

**DECISION**

**IN THE CASE OF**                              **CLAIM FOR**

Phung Thi Tran                    Period of Disability, Disability Insurance
_____                   Benefits, and Supplemental Security Income
(Claimant)                       _____
Phung Thi Tran
_____                   ▮▮▮▮▮▮▮▮
(Wage Earner)                    (Social Security Number)

**JURISDICTION AND PROCEDURAL HISTORY**

On December 30, 2005, the claimant filed a Title II application for a period of disability and disability insurance benefits. The claimant also filed a Title XVI application for supplemental security income on December 30, 2005. In both applications, the claimant alleged disability beginning September 29, 2005. The claims were denied initially on April 26, 2006, and upon reconsideration on January 29, 2007. Thereafter, the claimant filed a timely written request for hearing on March 9, 2007 (20 CFR 404.929 *et seq.* and 416.1429 *et seq.*). The claimant appeared and testified through Vietnamese interpreter, Lan Trinh, at a hearing held on January 8, 2008, in Orange, CA. Aida Y Worthington, an impartial vocational expert, also appeared at the hearing. The claimant is represented by John A. Heuer, an attorney.

**ISSUES**

The issue is whether the claimant is disabled under sections 216(i), 223(d) and 1614(a)(3)(A) of the Social Security Act. Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months.

With respect to the claim for a period of disability and disability insurance benefits, there is an additional issue whether the insured status requirements of sections 216(i) and 223 of the Social Security Act are met. The claimant's earnings record shows that the claimant has acquired sufficient quarters of coverage to remain insured through September 30, 2009. Thus, the claimant must establish disability on or before that date in order to be entitled to a period of disability and disability insurance benefits.

After careful consideration of all the evidence, the undersigned concludes the claimant has not been under a disability within the meaning of the Social Security Act from September 29, 2005 through the date of this decision.



Phung Thi Tran ▓▓▓▓▓▓▓

## APPLICABLE LAW

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled (20 CFR 404.1520(a) and 416.920(a)). The steps are followed in order. If it is determined that the claimant is or is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

At step one, the undersigned must determine whether the claimant is engaging in substantial gainful activity (20 CFR 404.1520(b) and 416.920(b)). Substantial gainful activity (SGA) is defined as work activity that is both substantial and gainful. "Substantial work activity" is work activity that involves doing significant physical or mental activities (20 CFR 404.1572(a) and 416.972(a)). "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized (20 CFR 404.1572(b) and 416.972(b)). Generally, if an individual has earnings from employment or self-employment above a specific level set out in the regulations, it is presumed that he has demonstrated the ability to engage in SGA (20 CFR 404.1574, 404.1575, 416.974, and 416.975). If an individual engages in SGA, she is not disabled regardless of how severe her physical or mental impairments are and regardless of her age, education, and work experience. If the individual is not engaging in SGA, the analysis proceeds to the second step.

At step two, the undersigned must determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe" (20 CFR 404.1520(c) and 416.920(c)). An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. An impairment or combination of impairments is "not severe" when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work (20 CFR 404.1521 and 416.921; Social Security Rulings (SSRs) 85-28, 96-3p, and 96-4p). If the claimant does not have a severe medically determinable impairment or combination of impairments, she is not disabled. If the claimant has a severe impairment or combination of impairments, the analysis proceeds to the third step.

At step three, the undersigned must determine whether the claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). If the claimant's impairment or combination of impairments meets or medically equals the criteria of a listing and meets the duration requirement (20 CFR 404.1509 and 416.909), the claimant is disabled. If it does not, the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the undersigned must first determine the claimant's residual functional capacity (20 CFR 404.1520(e) and 416.920(e)). An individual's residual functional capacity is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. In making this finding, the undersigned must consider all of the claimant's impairments, including impairments that are not severe (20 CFR 404.1520(e), 404.1545, 416.920(e), and 416.945; SSR 96-8p).



Phung Thi Tran (  )                                    Page 3 of 7

Next, the undersigned must determine at step four whether the claimant has the residual functional capacity to perform the requirements of her past relevant work (20 CFR 404.1520(f) and 416.920(f)). The term past relevant work means work performed (either as the claimant actually performed it or as it is generally performed in the national economy) within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the claimant to learn to do the job and have been SGA (20 CFR 404.1560(b), 404.1565, 416.960(b), and 416.965). If the claimant has the residual functional capacity to do her past relevant work, the claimant is not disabled. If the claimant is unable to do any past relevant work or does not have any past relevant work, the analysis proceeds to the fifth and last step.

At the last step of the sequential evaluation process (20 CFR 404.1520(g) and 416.920(g)), the undersigned must determine whether the claimant is able to do any other work considering her residual functional capacity, age, education, and work experience. If the claimant is able to do other work, she is not disabled. If the claimant is not able to do other work and meets the duration requirement, she is disabled. Although the claimant generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Social Security Administration. In order to support a finding that an individual is not disabled at this step, the Social Security Administration is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the residual functional capacity, age, education, and work experience (20 CFR 404.1512(g), 404.1560(c), 416.912(g) and 416.960(c)).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

After careful consideration of the entire record, the undersigned makes the following findings:

1.  **The claimant meets the insured status requirements of the Social Security Act through September 30, 2009.**

2.  **The claimant has not engaged in substantial gainful activity since September 29, 2005, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).**

The claimant works two hours per day as a janitor in a beauty shop. This does not amount to substantial gainful activity.

3.  **The claimant has the following severe impairment: idiopathic cephalgia and dysfunction of her left second finger (20 CFR 404.1520(c) and 416.920(c)).**

4.  **The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).**

5.  **After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20**

See Next Page



Phung Thi Tran ( 

CFR 404.1567(b) and 416.967(b) except that she is unable to finger with her left second finger.

In making this finding, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p. The undersigned has also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p.

In considering the claimant's symptoms, the undersigned must follow a two-step process in which it must first be determined whether there is an underlying medically determinable physical or mental impairment(s)--i.e., an impairment(s) that can be shown by medically acceptable clinical and laboratory diagnostic techniques--that could reasonably be expected to produce the claimant's pain or other symptoms.

Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the claimant's pain or other symptoms has been shown, the undersigned must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to do basic work activities. For this purpose, whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the undersigned must make a finding on the credibility of the statements based on a consideration of the entire case record.

After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment for the reasons explained below.

The claimant alleged pains in almost every part of her body, in addition to anxiety and depression. The claimant's representative asked me to examine her hands to make an assessment of severity of her arthritis. However, I am not a medical expert and am not qualified to do so. In any case, this is specifically prohibited by Ninth Circuit case law.

The claimant's medical records confirm a diagnosis of diabetes and hypertension, both controlled with oral medication. She alleges diabetes-related loss of vision, numbness of the lower extremities, and heart problems, but her vision and electrocardiogram tests were normal (Exhibit 10-F: 7-8, 23). She also has a history of treatment for swelling, stiffness, and pain in her left second finger (Exhibit 10-F). There is some discussion of osteoarthritis, but there are no X-rays or anti-nuclear antibody testing results to confirm this diagnosis. She has not been referred to a rheumatologist or pain management specialist and takes only nonprescription pain medications. She was briefly treated for allergies and a urinary tract infection, but these responded quickly to treatment.

On March 9, 2006, the claimant was examined by internist, Adi Klein, M.D., at the request of the Disability Determination Service (DDS) (Exhibit 1-F). The claimant complained of multiple



Phung Thi Tran                                    Page 5 of 7

body pains, headaches, diabetes, and numbness in the feet. She takes Metformin, aspirin, Enalapril, and Diavan. The claimant's physical examination was entirely normal, including normal blood pressure; clear lungs; normal heart sounds; normal range of motion of upper and lower extremity joints and back; normal gait; able to heel- and toe- walk; negative straight leg raise testing; normal motor strength and muscle bulk and tone; normal sensation and reflexes; and no muscle spasms, tender points, scoliosis or kyphosis. Based upon the results of the examination and the claimant's history, Dr. Klein opined that the claimant is capable of medium exertional-level work, or work involving lifting 50 pounds occasionally, 25 pounds frequently and inability to finger with her left second finger (20 CFR §§ 404.1567, 416.967, Exhibit 1-F). The DDS evaluators agreed with this assessment (Exhibits 3-F; 7-F; 8-F). I, too, accept and adopt this residual functional capacity assessment.

I now turn to the claimant's psychiatric complaints.

The claimant was seen by psychiatrist, Richard A. Hochberg, M.D., between October 10, 2005 and March 6, 2007 (Exhibit 9-F). There is record of only four visits over this period, but, as Dr. Hochberg's records are prodigiously poor, I am willing to entertain the possibility that the claimant was seen more frequently than the record suggests. Even so, Dr. Hochberg did not assess the claimant's mental functioning and his limited records are almost entirely illegible. I am able to discern only that he is under the impression that the claimant has schizoaffective disorder, but is "doing well" (Id.). There is no legible mention of any symptom, mental status examination result, or other objective evidence of any kind. How any competent psychiatrist could have reached the conclusion that the claimant has schizophrenia on the basis of this record is incomprehensible, particularly so when there is no mention of schizophrenia or its symptoms at any other point in the record or in the claimant's own complaints. For these reasons, I cannot grant Dr. Hochberg's statements any evidentiary weight.

Consideration was also given to the opinion of the psychiatric medical examiner (Exhibit 2-F). In that report, the consultative examination report noted a Global Assessment of Functioning (GAF) score of 45-50, which would normally indicate serious problems in daily functioning (DSM-IV). This opinion is from an examining doctor, whose opinion would normally be given precedence over the DDS evaluator's opinion that the claimant has no severe mental impairment. In this instance, I happen to agree with the DDS. The consultative examiner's report is internally inconsistent. A low GAF is assessed, but there is nothing in the body of the report to support the conclusion. The report reads like a benign report, including that the claimant was alert and oriented; had normal speech rate and tone; had a normal fund of knowledge; had a normal memory; and had normal concentration, calculation, abstraction, insight, and judgment. However, at the last paragraph of the report there is a GAF assessment indicating serious impairment. The objective evidence directly contradicts this assessment. As such, it the psychiatric examiner's opinion is not granted significant evidentiary weight.

Consistent with the opinion of the DDS evaluator, I find that the claimant has no significant restrictions of activities of daily living; no significant difficulties in maintaining social functioning; mild difficulties in maintaining concentration, persistence, or pace; and no repeated episodes of extended-duration decompensation (Exhibit 4-F: 11).



Phung Thi Tran, ████████                                         Page 6 of 7

In reaching the residual functional capacity adopted herein, I have considered the credibility of the claimant's statements regarding the intensity, persistence, and limiting effects of her symptoms (Social Security Ruling 96-7p). I have considered each of the following factors:

(1) **The individual's daily activities.** The claimant states that she can walk no farther than a half block at a time, can sit for no longer than ten minutes at a time, and can stand for no longer than ten minutes at a time (Exhibit 5-E). She states that she cannot cook, cannot perform any household chores, cannot shop, and cannot drive. However, she admits that she works for two hours per day as a janitor. Obviously, such work involves standing for longer than ten minutes at a time and disproves the claimant's statement about inability to perform household chores. These internal inconsistencies damage the claimant's credibility.

(2) **The location, duration, frequency, and intensity of the individual's pain or other symptoms.** The claimant testified that she has pain all over her body, all the time. Her pain is exacerbated with extended activities.

(3) **The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms.** The claimant treats her pain with 500 milligram doses of Tylenol, as needed (Exhibit 5-E). The fact that she has not sought more aggressive pain relief suggests that her pain is not as severe as she states it is.

(4) **Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms.** The claimant has no history of X-ray of any of the body parts that she states cause her persistent, severe pain. She has no history of prescription pain medication use, no physical therapy, and no chiropractic treatment. This suggests that her pain is not very severe. Also, despite the claimant's assertion of mental impairment, she has seen a psychiatrist four times, total, and states that she takes no psychoactive medications. Again, her failure to pursue treatment suggests that her symptoms are not very severe.

(5) **Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.** I have considered the statements of the claimant's cousin, Lien Nguyen (Exhibit 3-E). She states that the claimant stays home and rests most of the time, but has no problems with personal care. She is unable to concentrate sufficiently to cook. She does no household chores. She cannot drive, shop, or handle money. She has no social activities (Exhibit 3-E). The claimant's friend, Christine Chau, confirms Ms. Nguyen's statements, but adds that the claimant can walk for less than one block, and is paranoid, furious, and anxious (Exhibit 9-E). These statements are not confirmed by the claimant's treatment history or examination results.

6.   **The claimant is capable of performing past relevant work as a janitor. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).**

The vocational expert testified that the claimant's past work is best characterized as that of a janitor (DOT # 382.664-010, medium exertion, unskilled). In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed, per vocational expert testimony.

EXHIBIT

. See Next Page

13

Phung Thi Tran ▮▮▮▮▮▮

**7.   The claimant has not been under a disability, as defined in the Social Security Act, from September 29, 2005 through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).**

<u>**DECISION**</u>

Based on the application for a period of disability and disability insurance benefits filed on December 30, 2005, the claimant is not disabled under sections 216(i) and 223(d) of the Social Security Act.

Based on the application for supplemental security income filed on December 30, 2005, the claimant is not disabled under section 1614(a)(3)(A) of the Social Security Act.

_____
Charles E. Stevenson
Administrative Law Judge

MAR **2 8** 2008
_____
Date

